IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ELBERT LEE DOOLITTLE | § | |
| VS. | § | CIVIL ACTION NO. 5:10CV40 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Pending before the court is petitioner's motion to stay (docket entry no. 2). By way of this motion, petitioner has requested this Court to stay his federal habeas petition until the Texas Court of Criminal appeals makes a final determination concerning his state proceedings.

Discussion

On January 10, 2007, in the 6th District Court of Red River County, Texas, following a plea of not guilty, petitioner was convicted by a jury of delivery of a controlled substance. Petitioner was sentenced to life in prison in the Texas Department of Criminal Justice, Correctional Institutions Division.

On June 5, 2008, the 6th Court of Appeals affirmed the trial court's guilty verdict in Cause No. 06-07-0069-CR. Petitioner filed a petition for discretionary review with the Texas Court of Criminal Appeals which also affirmed the lower court's decision on January 30, 2009. On January 28, 2010, petitioner mailed both his first state and federal applications for writ of habeas corpus. At the same time, petitioner filed a motion to stay in this federal habeas proceeding while the state habeas proceeding is pending. Based on the information petitioner provided in his federal application, it appears petitioner is pursuing the same three grounds in both his state and

federal proceedings: (1) ineffective assistance of counsel, (2) actual innocence, and (3) prosecutorial misconduct.

Analysis

While the U.S. Supreme Court has held that district courts have discretion to stay "mixed habeas petitions" (i.e., those containing both exhausted and unexhausted claims) in order to allow a petitioner to present his unexhausted claims to the state court in the first instance, and then return to federal court for review of the perfected habeas petition, such circumstances do not exist in the present case. *See Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535, 161 L.Ed2d 440 (2005).

Petitioner has failed to disclose the facts and circumstances surrounding his failure to exhaust his claims prior to filing this petition. Based on information provided by petitioner in his federal application, petitioner states that he mailed both his state and federal applications on the same date. Petitioner, therefore, could not have exhausted any of his claims.

Where a state prisoner has sought direct review of his or her conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 27 U.S.C. § 2244(d)(1) begins to run on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998) (noting that state conviction became final ninety days after judgment was entered by the Texas Court of Criminal Appeals, even though Petitioner did not file a petition for writ of certiorari). Petitioner here did not seek a petition for writ of certiorari in the U.S. Supreme Court following his petition for discretionary review by the Texas Court of Criminal Appeals. Petitioner's judgment, therefore, became final on April 30, 2009, ninety (90) days after the Texas Court of Criminal Appeals affirmed the lower court

decision on January 30, 2009. Petitioner thus had one year from April 30, 2009, or until April 30, 2010 in which to timely file a petition for writ of habeas corpus with this Court, absent any tolling.

On January 28, 2010, petitioner mailed both his state and federal application for writ of habeas corpus. As such, two hundred and seventy-three (273) days had elapsed under the one year statute of limitations. The one year statute of limitations, however, is tolled while petitioner seeks post-conviction relief with the state courts and the tolling will not end until the Texas Court of Criminal Appeals has made its final determination regarding petitioner's state application for writ of habeas corpus. 28 U.S.C. § 2244(d)(2).[1]

Because the one year limitations period, or at least the unexpired portion of that period, is tolled during the pendency of petitioner's state post-conviction proceedings, petitioner is not prejudiced by dismissing his federal habeas petition without prejudice while he pursues his state application for habeas relief and exhausts those remedies. Petitioner is cautioned, however, that should he be denied relief in the state court, petitioner has a limited time to re-file his federal application. Furthermore, petitioner is notified that the filing of this federal petition does not serve to toll the limitations period. *See Duncan v. Walker*, 53 U.S. 167, 181-182, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (holding that the statute of limitations is not tolled during the pendency of a federal petition).

## Conclusion

After due consideration, and based on the foregoing discussion, the court is of the opinion

---

[1] Although petitioner states that he mailed his state application for writ of habeas corpus on January 28, 2010, the tolling period is not actually triggered until such time as the application is "properly filed." 28 U.S.C. § 2244(d)(2); *see also Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999). Assuming petitioner's State application was properly filed, the total time elapsed on the one year statute of limitations may be a few days more depending on that date.

that petitioner's motion to stay should be denied without prejudice. A separate order denying petitioner's motion to stay will be entered on this same date.

**SIGNED** this __2__ day of _____April_____, 2010.

_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE